# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| Meagan Robidoux, | |
|    Plaintiff, | Civil Action File No.: |
| vs. | |
| Capital Accounts, LLC, | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
|    Defendant | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1. Plaintiff, Meagan Robidoux, is a natural person who resides in Hamilton County, Tennessee.

2. Defendant, Capital Accounts, LLC, is a limited liability corporation formed under the laws of the State of Tennessee and can be served through its

1

registered agent, Gregory Nowicki, 4107 Mallory Lane, Suite 302, Franklin, Tennessee 37067.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Tennessee including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Tennessee because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Chattanooga Division because the conduct complained of herein occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a deficiency arising out of a medical services debt and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In December, 2022, the Plaintiff obtained a copy of her credit report as published by Equifax, a major credit reporting bureau. In reviewing that report, she noted the Defendant had, on December 1, 2022, reported an account in collection on behalf of a dental office claiming an amount owed of $245.00. The status of the account, per the Defendant, was "a charge off," and in collection.

13. The amount reflected in Defendant's credit reporting was greater than any debt the Plaintiff could recall.

14. On January 17th, 2023, the Plaintiff initiated a call to the Defendant at the number reflected on its tradeline in an effort to obtain more information. At that time, she was connected with an individual identifying themselves as an agent of the Defendant.

15. After verifying the Plaintiff's identity, the Defendant confirmed it was collecting a debt on behalf of "Hixson Smiles" in the amount of $249.30. This figure was higher than that reported by the Defendant to Equifax on December 1st, 2022.

16. The Plaintiff asked if there were any fees or interest being added to this account. The Defendant responded in the affirmative and advised that the original debt was $209.20 but that $40.10 had been added since February, 2021. This was "straight interest" per the Defendant.

17. The party's discussed the effect of this account on the Plaintiff's credit report and the Defendant's policy for reflecting future payments. The call ended shortly thereafter.

18. Prejudgment interest under Tennessee law is an element of and in the nature of damages and may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent per annum. T.C.A. § 47-14-123.

19. The assessment of prejudgment interest must be made by a court of law following the establishment of its legitimacy through the introduction of evidence.

20. There has been no award by any court of law awarding the Defendant, or its principal, interest on the account in collection.

21. 12 C.F.R. § 1026 commonly referred to as Truth in Lending Act (Regulation Z), sets forth the requirements for consumer lenders such as the institution providing financing for Plaintiff's purchase. Regulation Z was issued by the Bureau of Consumer Financial Protection to implement the Federal Truth in Lending Act as amended (15 U.S.C. § 1601 et seq.) Its purpose, per the CFPB, is to promote the informed use of consumer credit by requiring disclosures about its terms and cost, to ensure that consumers are provided with greater and more timely information.

22. 12 C.F.R. § 1026.7 provides that a creditor shall furnish a consumer with a periodic statement reflecting a financial account that discloses the following items:

i) The previous balance. The account balance outstanding at the beginning of the billing cycle;

ii) An identification of each credit transaction in accordance with 12 C.F.R. § 1026.8;

iii) Any credits to the account during the billing cycle;

iv) The interest rate used to compute any finance charge, the range of balances to which such charge was applicable, and the corresponding annual

5

percentage rate. If no finance charges imposed, the creditor is not required to disclose that fact;

v) The amount of the balance to which a periodic rate was applied and the explanation of how the balance was determined.

23. Per the applicable regulations and statute, if Hixson Smiles were continuing to assess interest on any balance owed by Plaintiff, it was required by law to provide statements in accordance with 12 C.F.R. § 1026.7 to the Plaintiff.

24. No such statements have been received by the Plaintiff.

25. Upon information and belief, Hixson Smiles is not in violation of the Truth in Lending Act. Rather, the Defendant is assessing improper interest and fees against the Plaintiff.

26. The Defendant's false representations regarding accumulation of interest obscure the status and amount of the debt in collection and impaired the Plaintiff's decision-making with respect to which delinquent accounts she should address, and in what order.

27. The Defendant engaged in false reporting with respect to the Plaintiff's credit file. Specifically, it reported that the original debt and current amount in collection were the same. In other words, its credit reporting did not reflect the assessment or accumulation of interest.

6

## INJURIES-IN-FACT AND DAMAGES

28. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

d.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was engaged in false credit reporting.

32. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et. seq.**

***Violations of 15 U.SC. § 1692e and its subparts***

33. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

36. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a

minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

37. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39. The Defendant's representation and implication that that it is lawfully adding interest to the amount in collection was objectively false and materially misleading.

40. Defendant's representations regarding the accumulation and addition of interest were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

41. The Defendant's communications with Equifax were in connection with, and indeed designed to facilitate, its collection of a consumer debt from the Plaintiff.

The Defendant's false reporting to Equifax was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of January, 2024.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorney*